PROB. 12B
(7/93)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 17 2007

## United States District Court

### for the

### DISTRICT OF HAWAII

at 3 o'clock and 06 min P M
SUE BEITIA, CLERK

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  DUSTEEN HUFFMAN        Case Number:  CR 02-00494SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence:  7/30/2003

Original Offense:    Count 1:  Conspiracy to Unlawfully Possess Stolen Mail, in violation
of 18 U.S.C. § 371, a Class D Felony

Count 2:  Bank Fraud, in violation of 18 U.S.C. §§ 2 and 1344, a
Class B Felony

Original Sentence:    Eighteen (18) months imprisonment as to each count, to be served
concurrently, and to be followed by a 3-year term of supervised
release as to Count 1, and a 5-year term of supervised release as
to Count 2, to be served concurrently.  The following special
conditions were also imposed:  (1) That the defendant participate in
a substance abuse program, which may include drug testing at the
discretion and direction of the Probation Office; (2) That the
defendant is prohibited from possessing any illegal or dangerous
weapons; (3) That the defendant provide the Probation Office and
the Financial Litigation Unit of the U.S. Attorney's Office access to
any requested financial information to include submitting to periodic
debtor's examinations as directed by the Probation Office; and
(4) That the defendant is prohibited from incurring credit charges
and lines of credit without the approval of the Probation Office.

The Court also ordered that the defendant pay restitution of
$8,342.95 to American Savings Bank, $2,575.00 to First Hawaiian
Bank, $2,192.09 to Bank of Hawaii, and $165.00 to Honolulu
Federal Employees Federal Credit Union immediately, and any
remaining balance upon release from confinement be paid during
the period of supervision on an installment basis according to the
collection policy of the Probation Office but at a rate of not less
than 10 percent of her monthly gross income.  The defendant is

jointly and severally responsible for the restitution with
coconspirators Kimberly Huffman, Maxine Lynn Rogers, Pamie
Compehos, Janda Mendez and Stephanie Sechrist who are also
convicted of the losses sustained by American Savings Bank, First
Hawaiian Bank, Bank of Hawaii and Honolulu Federal Employees
Federal Credit Union in this case.  Interest, if applicable, is waived
while the defendant is serving her term of imprisonment and shall
commence to accrue on any remaining balance upon her release
on supervision.

Type of Supervision:  Supervised Release    Date Supervision Commenced:  9/24/2004

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

General Condition        That the defendant shall refrain from any unlawful use of a
controlled substance.  The defendant shall submit to one
drug test within 15 days of the commencement of
supervision and at least two drug tests thereafter but no
more than 8 valid drug tests per month during the term of
supervision unless there is a positive drug test, in which
event, the maximum shall increase to up to one valid drug
test per day.

Special Condition        That the defendant shall participate in and comply with
No. 1                    substance abuse treatment, which includes drug and alcohol
testing in a program approved by the Probation Office and
which may include residential treatment.  The defendant is to
refrain from the possession and/or use of alcohol while
participating in substance abuse treatment.

## CAUSE

The subject commenced her concurrent terms of supervised release on
9/24/2004.  On 11/21/2005, the subject satisfied her financial obligations, and on
12/19/2005, the subject successfully completed the federal drug aftercare program.
The subject has never tested positive for any illicit substances during her terms of
supervised release.  Her only violation occurred in September 2005, when she failed to
report a change of residence in a timely manner.

Despite her satisfactory compliance with supervision conditions, the subject has
a history of marijuana and methamphetamine abuse, including instances of relapse,
even after participation in substance abuse treatment programs.  In March and
April 2007, the subject experienced significant changes in her life as she was compelled

Prob 12B
(7/93)

to move out of her residence, and she was terminated from her employment.  The subject moved in with her family but has remained unemployed for over two (2) weeks.

On 4/17/2007, this officer instructed the subject to make at least five (5) job contacts each day until she found employment.  In addition, the subject agreed to modify her conditions of supervised release in order to permit the Probation Office to administer drug tests, pursuant to the requirements of <u>United States v. Stephens</u>, 424 F.3d 876 (9th Cir. 2005).  She also agreed to amend the substance abuse treatment language in her special condition to reflect the revised language adopted by this district.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release.  The subject waives her right to a hearing and to assistance of counsel.  The subject agrees to the modification of  the conditions of supervised release.  The Federal Public Defender's Office and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

J. MARTIN ROMUALDEZ
U.S. Probation Officer


Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 5/14/2007

Prob 12B
(7/93)

4

THE COURT ORDERS:

[X]    The Modification of Conditions as Noted Above
[  ]    Other

_____
The Honorable Susan Oki Mollway
U.S. District Judge

MAY 1 4 2007

_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Supervised Release

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release:

[ X ]    To modify the conditions of supervision as follows:

*General Condition*

*That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).*

*Special Condition 1*

*That the defendant shall participate in and comply with substance abuse treatment, which includes drug and alcohol testing in a program approved by the Probation Office and which may include residential treatment. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

Witness: _J. Martin Romualdez_
           J. MARTIN ROMUALDEZ
           U.S. Probation Officer

Signed: _Dusteen K. Huffman_
           DUSTEEN HUFFMAN
           Supervised Releasee

_4/17/07_
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions.   Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant.  Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant

Print Name: _____

Date: ___5 . 14 . 07_____